■  YVONNE B. GAINES, Respondent, v. LAWRENCE T. GAINES, Appellant.— Appeal from order of September 1, 1959 dismissed as academic, without costs, by virtue of the decision of this court in Appeal No. 2027, decided herewith. Order of July 6, 1959 unanimously modified on the facts and on the law and in the exercise of discretion, without costs, to the extent of reducing the allowance to $50 per week and counsel fee to the sum of $250 payable within 10 days after the entry of the order herein, if said counsel fee has not already been paid pursuant to the order on the application for a stay. The foregoing disposition is conditioned upon the consent of the defendant to a trial of the issues during the January Term or at a later date if the plaintiff so requests. The date for trial will be fixed in the order to be entered herein. A note of issue may be filed on short notice if that has not been done. Should the defendant fail to consent as herein required, the order appealed from is affirmed, with costs. The question of a proper additional allowance for counsel fees is reserved for the trial court. Settle order. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

■  In the Matter of DOROTHY G. LIVINGSTON, Respondent-Appellant, against ROBERT L. LIVINGSTON, Appellant-Respondent.— Order of Domestic Relations Court unanimously affirmed. The proof as to the needs and requirements of the two children of the parties was not as full and definitive as would ordinarily be desirable, even when measured by the informal standards that are generally acceptable upon a hearing relating to the appropriate support provisions for the children of a marriage. Upon this hearing, however, respondent did not dispute the assertions made by petitioner's counsel as to the needs of the children, which as uncontested, amply justify the support provisions. Respondent by his position and conduct during the hearings virtually limited the controverted issues to his own means and capacity to pay. The disposition herein is without prejudice to any application respondent may be advised to make to reduce the support provisions, if he really wishes to place in issue the needs and requirements of the children. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.